**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cibus LLC,<br><br>          Plaintiff,<br><br>v.<br><br>Capital Insurance Group, et al.,<br><br>          Defendants. | No. CV-20-00277-TUC-JGZ (DTF)<br><br>**ORDER** |

Pending before the Court is Magistrate Judge D. Thomas Ferraro's Report and Recommendation (Report) recommending that the District Court grant Defendant Eagle West Insurance Company's (Eagle West) Motion to Dismiss. (Doc. 48.) Eagle West filed a limited objection to the Report, and Plaintiff filed a response to the objection. (Docs. 49, 51.) Eagle West subsequently filed a motion to strike portions of Plaintiff's response. (Doc. 52.) The motion to strike is fully briefed. (Docs. 53, 54.)

After an independent review of the parties' briefing and of the record, the Court will grant Eagle West's motion to strike and adopt Magistrate Judge Ferraro's recommendation to dismiss the complaint.

**STANDARD OF REVIEW**

When reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United*

*States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Further, a party is not entitled as of right to de novo review of evidence or arguments which are raised for the first time in an objection to the report and recommendation, and the Court's decision to consider newly-raised arguments is discretionary. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

## BACKGROUND

Plaintiff owns and operates a restaurant in Tucson, Arizona. The restaurant is insured by Eagle West.[1] In light of the COVID-19 pandemic and subsequent state and local orders closing and limiting occupancy at non-essential businesses, Plaintiff "shut its doors to its restaurant and lost all of its perishable inventory." Eagle West rejected Plaintiff's claim for loss under its policy on the grounds that Plaintiff did not suffer physical damage to its property and the loss was excepted from coverage under the Pathogenic Organisms Exclusion in the policy.

The Magistrate Judge recommended dismissing Plaintiff's claim as precluded by the Pathogenic Organisms Exclusion. Magistrate Judge Ferraro concluded that the exclusion clearly and unambiguously applied to exclude the claimed losses, and that the reasonable expectations doctrine did not otherwise create coverage. Magistrate Judge Ferraro cited numerous cases in support. Because the virus exclusion clearly precluded coverage, Magistrate Judge Ferraro determined that targeted discovery on the meaning of exclusion was not warranted and leave to amend would be futile.

In the Report, Magistrate Judge Ferraro also provided the Court with the alternative recommendation that, if the Court disagreed that the Pathogenic Organism Exclusion excluded coverage, the Court should deny the motion to dismiss because the allegations in

---

[1] The R&R sets forth the full factual background. The Court restates the facts necessary to address Defendant's objection. The parties do not raise a specific objection to the statement of facts in the Report.

the First Amended Complaint are sufficient to state that there was necessary suspension of business caused by direct physical loss. (Doc. 48, p. 11.)

The parties had fourteen days to file an objection to the Report. (Doc. 48, p. 14.) On February 4, 2021, Eagle West timely filed a limited objection challenging Judge Ferraro's alternative ruling. On February 18, 2021, Cibus filed a response to Eagle West's limited objection. (Doc. 51.) Cibus's response addresses Eagle West's objection, but also objects to Magistrate Judge Ferraro's conclusion that the Virus Exclusion bars coverage, and Cibus requests that the Court deny Eagle West's motion to dismiss Plaintiff's complaint.

**DISCUSSION**

**I.     Motion to Strike**

Eagle West requests that the Court strike those portions of Plaintiff's response to the objection that are not related to the issues raised in Eagle West's objection, and which are more appropriately characterized as an untimely objection to the Report. The Court agrees. Plaintiff failed to file an objection to the Report. Plaintiff's s response was filed outside of the fourteen day limit, and Plaintiff has not shown good cause for its untimely filing. *See* Fed. R. Civ. P. 72(b)(2) (setting deadline for timely objection). Accordingly, the Court will strike those portions of the Plaintiff's response that assert arguments that are not responsive to arguments raised by Eagle West in its limited objection.

**II.    Eagle West's Objection**

Eagle West requests that the Court only adopt that portion of the Report concluding that the Pathogenic Organisms Exclusion bars coverage. Eagle West urges the Court to not adopt the Report's analysis entitled "Business Income and Extra Expenses coverages" and "Civil Authority" coverages because the applicability of the exclusion makes it unnecessary to find coverage in the first instance. Upon review, the Court concludes that it need not reach Judge Ferraro's alternative ruling, and finds that the Pathogenic Organisms Exclusion is sufficient to grant dismissal.[2] *See Border Chicken AZ L.L.C. v. Nationwide*

---

[2] Because the Court does not adopt the alternative ruling, the Court need not address Eagle West's substantive arguments as to this ruling.

- 3 -

*Mutual Ins.*, CV-20-00785-PHX-JJT, 2020 WL 6827742, at *3 (D. Ariz. Nov. 20, 2020) ("Because the Court finds that the Virus Exclusion plainly and unambiguously bars coverage for losses claimed by Plaintiff . . . it does not reach a conclusion on Defendant's other arguments."); *see also Boxed Foods Co. v. Cal. Capital Ins.*, 20-CV-4571-CRB, 2020 WL 6271021, at *3 n.4 (N.D. Cal. Oct. 27, 2020) (same). Accordingly, the Court will not adopt the sections of the Report entitled "Business Income and Extra Expenses coverages" and "Civil Authority."

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED**:

1. Defendant's Motion to Strike (Doc. 52) is **GRANTED**.
2. Plaintiff's Response to Defendant's Limited Objection to Report and Recommendation as to its Motion to Dismiss (Doc. 51) is **STRICKEN** in part at Sections III.A. (second and third paragraph), III.C. (in its entirety), III.D. (in its entirety), and IV (last nine words).
3. The Report and Recommendation (Doc. 48) is **ADOPTED** in part as set forth in this order.
4. The Motion to Dismiss (Doc. 21) is **GRANTED**.
5. Plaintiff's request for targeted discovery and leave to amend the complaint (Doc. 40) is **DENIED**.
6. This action is **DISMISSED** with prejudice.
7. The Clerk of the Court is directed to close its file in this action.

Dated this 23rd day of March, 2021.

Honorable Jennifer G. Zipps
United States District Judge